UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| STEVEN B. ROTHSCHILD, | Docket No: |
| Plaintiff | |
| -against- | **COMPLAINT AND DEMAND** |
| | **FOR TRIAL BY JURY** |
| ARCADIA RECOVERY BUREAU, LLC, | |
| Defendant | |

-----------------------------------------------------------------x

Plaintiff, Steven B. Rothschild ("Plaintiff"), by and through his attorneys, Law Offices of Joseph B. Rothschild, as and for his Complaint against the Defendant, Arcadia Recovery Bureau, LLC (hereinafter referred to as Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff, Steven B. Rothschild, is a resident of the State of New York, residing at 52 E. Concord Drive, Monsey, NY 10952.

3. Defendant, Arcadia Recovery Bureau, LLC, is a corporation existing pursuant to the laws of the State of Pennsylvania, is authorized to do business as a foreign corporation in the State of New York and maintains a principle place of business located at 645 Penn Street, Reading, Pennsylvania.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692a(3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATION

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, and better known to the Defendant, Defendant began its campaign of communications with the Plaintiff on December 8, 2016 by placing a call to Plaintiff's telephone number 845-426-3804.

10. Upon information and belief, and better known to the Defendant, on December 17, 2016, Defendant placed a call to Plaintiff's telephone number 845-426-3804 and left a voice message.

11. Upon information and belief, and better known to the Defendant, on December 20, 2016, Defendant placed a call to Plaintiff's telephone number 845-426-3804 and left a voice message.

12. Upon information and belief, and better known to the Defendant, on December 27, 2016, Defendant placed a call to Plaintiff's telephone number 845-426-3804.

13. On December 27, 2016, Plaintiff sent a facsimile to Defendant, requesting that Arcadia cease communication with him, and that all communication be sent to his attorney.

14. Upon information and belief, and better known to the Defendant, notwithstanding the aforesaid facsimile to Defendant, requesting that Arcadia cease communication with him, and that all communication be sent to his attorney, on December 29, 2016, Defendant placed a call to Plaintiff's telephone number 845-426-3804 and left a voice message.

15. Said messages contained personal and confidential information.

16. Said messages were attempts to collect an alleged debt, and they were left as a voice mail which was played and heard by one or more third parties, who each had the right and opportunity to play same.

17. Said messages were heard, among others, by the Plaintiff's son, Howard Rothschild.

18. The actions of the Defendant led to embarrassment, harassment, and disclosure of confidential information to a third party.

19. Said actions by the Defendant violated 15 U.S.C. Sec. 1692b(2) and 15 U.S.C. Sec. l692c(b) which prohibit communicating with respect to a debt, and stating that a consumer owes a debt.

20. Said actions by the Defendant violated 15 U.S.C. Sec. l692c(c) which prohibit communicating with respect to a debt if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with respect to such debt.

21. Said actions by the Defendant violated 15 U.S.C. Sec. l692d which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692b(2), 15 U.S.C. Sec. 1692c(b), 15 U.S.C. Sec. l692c(c) and 15 U.S.C. Sec. l692d.

25. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

D. A declaration that the Defendant's practices violated the FDCPA;

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Spring Valley, New York
January 31, 2016

Respectfully submitted,

By:    /s/ Jacob P. Rothschild
JACOB P. ROTHSCHILD, ESQ.
747 Chestnut Ridge Road
Suite 200
Spring Valley, New York 10977
Tel: (845) 288-2817
J.Rothschild@yahoo.com

*Attorneys for Plaintiff*