UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

STEVEN B. ROTHSCHILD,                    Docket No: 17-cv-721 VB

                     Plaintiff

-against-                           **NOTICE OF MOTION FOR ATTORNEY FEES AND COSTS**

ARCADIA RECOVERY BUREAU, LLC,

                  Defendant

-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S MOTION FOR
<u>ATTORNEY FEES AND COSTS</u>**

Respectfully submitted,

JACOB P. ROTHSCHILD, ESQ.
747 Chestnut Ridge Road
Suite 200
Spring Valley, New York 10977
Tel: (845) 288-2817
J.Rothschild@yahoo.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Pursuant to the terms of an offer of judgment made by Defendant, Arcadia Recovery Bureau, LLC, ("Defendant") and accepted by Plaintiff, Steven B. Rothschild, ("Plaintiff"), and as provided under 15 U.S.C. §1692k(a)(3), Plaintiff submits this Memorandum of Law in support of his motion for an Award of Attorney's Fees and Costs in the total amount of $14,150.00.

## I. FACTS AND PROCEDURAL HISTORY

### A. Complaint

Plaintiff filed a complaint against Defendant for violating the Fair Debt Collection Practices Act (FDCPA). This action arose after Defendant called and left numerous messages which were overheard by a third party stating that Plaintiff owed an alleged debt. Defendant continued this behavior even after receiving a facsimile that all further communication should be directed to Plaintiff's attorney. *See* J. Rothschild Decl. ¶ 8.

In particular, Plaintiff alleged that Defendant violated 15 U.S.C. § 1692b(2) and 15 U.S.C. § 1692c(b) by communicating with respect to a debt, and stating that a consumer owes a debt to a third party. In addition, Plaintiff alleged that Defendant violated 15 U.S.C. § 1692c(c) which prohibits communicating with respect to a debt if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with respect to such debt. Furthermore, Plaintiff alleged that Defendant violated 15 U.S.C. § l692d which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Therefore, Plaintiff requested damages and attorneys' fees and costs, provided and pursuant to 15 U.S.C. § 1692(a) *et. seq.*

### B. Procedural History

On January 31, 2017, Plaintiff filed a complaint and shortly thereafter served the Defendant. On February 28, 2017, Defendant filed its answer, through its attorney. J. Rothschild Decl. ¶¶ 9-10. Plaintiff unilaterally reached out for settlement, and even provided Defendant with a copy of a facsimile with a time stamp, that Plaintiff sent Defendant requesting it cease communications, to demonstrate to the Defendant that Defendant clearly violated the FDCPA. *Id.* ¶ 12. Plaintiff then prepared and discussed a proposed discovery plan, as required by this Court, with Defendant. *Id.* Plaintiff and Defendant attended the Court's initial conference on April 19, 2017. *Id.* ¶ 13. Following the Court's advice and guidance at the initial conference, Plaintiff reached out numerous times to Defendant, attempting to come to a settlement agreement. *Id*. ¶ 15. However, after those attempts to reach Defendant failed, and running up on the Court's discovery deadlines, Plaintiff prepared and served on Defendant, Plaintiff's Rule 26 Initial Disclosures. *Id*. ¶ 17.

### C. Offer of Judgment

On May 4, 2017, Defendant served on Plaintiff an Offer of Judgment. *Id.* ¶ 18. The Rule 68 Offer of Judgment stated that Defendant allowed "judgment to be taken against it by plaintiff for $1001.00 plus costs and attorney fees in an amount to be decided by the Court." *Id.* ¶ 19. The Offer of Judgment was accepted by Plaintiff on May 10, 2017 and on the same day, Plaintiff filed with the Court a Notice of Acceptance of Rule 68 Offer of Judgement. *Id.* ¶ 20.

## II. ARGUMENT

### A. Legal Standard

15 U.S.C. § 1692k (a)(3) of the FDCPA states that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable

attorney's fee as determined by the court." The FDCPA was enacted to eliminate abusive debt collectors and to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged. *See* 15 U.S.C. § 1692. "Congress found such abuses by debt collectors to be 'serious and widespread.'" *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 653 (S.D.N.Y. 2006)(quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)).

The Second Circuit has ruled "[w]here a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the court." *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998)(citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)). "Once a violation of the FDCPA has been found, an award of costs and attorney's fees is mandatory." *Miller v. Midpoint Resolution Grp., LLC,* 608 F. Supp. 2d 389, 394 (W.D.N.Y. 2009)(citing *Pipiles,* 886 F. 2d at 28 ("because the FDCPA was violated . . . the statute requires the award of costs and reasonable attorney's fees")).

In addition, The Third Circuit has ruled that "attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

In the present situation, Plaintiff was successful in this action by virtue of the Offer of Judgment, where he recovered $1001.00 in actual and statutory damages from Defendant. Furthermore, the offer of judgment specifically provided that attorney fees and costs should be awarded in an amount decided by the Court. Therefore, Plaintiff is undeniably entitled to attorney fees and costs in this matter.

### B. "Lodestar Method"

The prevailing method used by courts in determining legal fees is the "lodestar method." *Millea v. Metro-North Railroad Co.,* 658 F.3d 154 (2d Cir. 2011). The lodestar method is "the product of a reasonable hourly rate and the reasonable number of hours required by the case" and "creates a 'presumptively reasonable fee.'" *Id.* at 166 (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). In *Perdue v. Kenny A.,* the Supreme Court supported the lodestar method as "readily administrable" and "objective" and found that "there is a 'strong presumption' that the lodestar figure is reasonable." 559 U.S. 542 (U.S. 2010). The Court noted that the lodestar method "as its name suggests, [has] become the guiding light of our fee-shifting jurisprudence." *Id.* at 542.

The hourly rates requested should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). The statute and legislative history establish that "reasonable fees . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Id.* at 895.

A common method of calculating reasonable attorney fees is by using the updated Laffey Matrix.[1] The Laffey Matrix was created by the United States Attorney's Office as a basis for hourly rates for attorney's fees based on different level of experience. The matrix is updated annually based on the Bureau of Labor Statistics Consumer Price Index. According to the Laffey Matrix, attorneys with 1-3 years of experience should earn a hourly rate of $343.

---

[1] The Laffey Matrix can be found online at http://www.laffeymatrix.com/see.html and is attached to J. Rothschild's Decl. as Exhibit 3.

The Laffey Matrix has been endorsed by Federal Appeals Courts in the Third Circuit and the District of Columbia Circuit. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir. 2005)("[W]e are satisfied that the methodology relied on by [Plaintiff] in updating the Laffey Matrix was reasonable."). *See also Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988)("Indeed, we commend [Laffey's] use for the year to which it applies."). In addition, many lower courts have relied on the Laffey Matrix when calculating fees. *See e.g. In Re HPL Technologies, Inc. Securities Litigation*, 366 F.Supp.2d 912, 921 (N. Dist. Cal. 2005); *Garnes v. Barnhardt*, 2006 U.S. Dist. LEXIS 5938 (N. Dist. Cal. 2006).

Here, Plaintiff requests $300 per hour for Jacob P. Rothschild, Esq. who is admitted in the Courts in the State of New York, New Jersey and Connecticut and in the Federal Courts for the Southern District of New York and for the District of New Jersey. J. Rothschild Decl. ¶ 4. This hourly rate is below the $343 hourly rate listed in the Laffey Matrix, for attorneys with similar experience to Mr. Rothschild.

### C. <u>Reasonableness of Plaintiff's Time</u>

As the declaration of counsel and his time records demonstrate, Plaintiff's counsel provided effective and professional representation that resulted in a fair and equitable recovery. Plaintiff's counsel does not seek compensation for unnecessary work, nor does counsel seek compensation for unreasonable time spent on the tasks performed.

### D. <u>Plaintiff's Counsel is Entitled to the Time and Expenses Associated with this Motion</u>

"In statutory fee cases, federal courts have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorn Energy*, 764 F.2d 655, 660 (9th Cir. 1985). Continuing, the court stated, "[w]e reasoned that time spent

litigating the proper amount of a fee award should be compensable because 'it would be inconsistent with the purpose of the [act] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee.'" *Id*. at 660 (quoting *Lund v. Affieck*, 587 F.2d 75, 77 (1st Cir. 1978)).

The Second Circuit, in *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980) was in strong agreement of this view:

> [W]e believe there are strong reasons for adopting the approach of the First and Third Circuits. We agree with Judge Garth's statement in *Prandini [v. National Tea Co.*, 585 F.2d 47, 52-53 (3d Cir. 1978)] that: "If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased…. Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies." In a decision upon which *Lund v. Affieck, supra,* relied, the First Circuit pointed out that "(t)o hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals." *Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir. 1977).

*Id*. at 343. *See also, Johnson v. Mississippi*, 606 F.2d 635, 637-38 (5th Cir. 1979); *Bagby v. Beal*, 606 F.2d 411, 415-16 (3d Cir. 1979); *accord, Torres v. Sachs*, 69 F.R.D. 343, 348 & n.2 (S.D.N.Y. 1975).

For the reasons stated herein, Plaintiff's submission seeks compensation for time spent preparing the instant motion and supporting papers. Also for this reason, Plaintiff will seek compensation for such additional time spent on a Reply to Defendants' opposition to this motion and for appearances at any hearings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reasonable attorney's fees and costs should be granted in its entirety and Plaintiff should be awarded legal fee in the sum of $13,680.00, together with costs in the sum of $470 for a total of $14,150.00.

Dated: Spring Valley, New York
May 26, 2017

Respectfully submitted,

By:   /s/ Jacob P. Rothschild
JACOB P. ROTHSCHILD, ESQ.
747 Chestnut Ridge Road
Suite 200
Spring Valley, New York 10977
Tel: (845) 288-2817
J.Rothschild@yahoo.com

*Attorneys for Plaintiff*