UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STEVEN B. ROTHSCHILD, :
        Plaintiff, :
: **MEMORANDUM OPINION**
v. : **AND ORDER**
:
ARCADIA RECOVERY BUREAU, LLC, : 17 CV 721 (VB)
        Defendant. :
--------------------------------------------------------------x

    Plaintiff brought this action seeking statutory and actual damages for defendant's alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Before the Court is plaintiff's motion for an award of attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). (Doc. #13).

    For the reasons set forth below, the motion is GRANTED to the following extent: the Court awards attorney's fees in the amount of $6,450.00 and costs in the amount of $470.00, for a total award of $6,920.00.

## BACKGROUND

    According to the complaint, during a three-week period in December 2016, defendant placed several improper telephone calls to plaintiff and left at least one inappropriate message with plaintiff's family member in an attempt to collect a debt.

    On January 31, 2017, this action was commenced. Thereafter, defendant filed an answer, the Court conducted an initial conference, and counsel engaged in a brief period of settlement discussions. No discovery was conducted (other than service of initial disclosures) and no motions were filed. On May 4, 2017, defendant served an offer of judgment pursuant to Fed. R. Civ. P. 68, which was accepted by plaintiff. On May 11, 2017, Judgment was entered in

1

plaintiff's favor in the amount of $1,001.00 "together with costs and attorney fees in an amount to be set by the court." (Doc. #12).

By this motion, plaintiff's counsel seeks $15,480.00 in fees and $470.00 in costs, based on having expended 51.60 hours on this case at a rate of $300 per hour. In summary, counsel claims to have spent approximately 18 hours investigating the facts and the law and initiating the action; approximately 12 hours reviewing the answer and preparing for and attending the initial conference; approximately 8 hours discussing and finalizing the settlement (including an attempted settlement of the fee application); and approximately 14 hours preparing the fee application (including the reply brief).

## **DISCUSSION**

Pursuant to 15 U.S.C. § 1692k(a)(3), the Court may award reasonable attorney's fees and costs "in the case of any successful action to enforce" the provisions of the FDCPA. Such amounts are to be fixed "in the discretion of the court." Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

Plaintiff's counsel graduated from law school in 2015, and was admitted to the Bar in 2016. Moreover, this case was, to say the least, a routine FDCPA case with only a handful of relevant facts that was quickly resolved with very little effort. That being the case, and based on the Court's familiarity with the rates charged by very junior attorneys in this district with respect to such routine cases, an hourly rate of $250 is reasonable; anything more than that would be unreasonable.

Moreover, although the Court has no reason to believe plaintiff's counsel did not expend the time he says he expended on this case, the Court finds that 51.60 hours on such a routine and uncomplicated matter requiring only a modest amount of effort is excessive. For example, 18

2

hours investigating the facts and the law and initiating the action, and 12 hours reviewing the answer and preparing for and attending the initial conference, is plainly excessive. The Court does not intend to pick apart every time entry in plaintiff's submission. Instead, in an exercise of its discretion, the Court finds and concludes that the reasonable number of hours required to litigate this case is half the amount claimed by plaintiff's counsel; that is, 25.80 hours.

Multiplying 25.80 hours by $250 per hour results in a reasonable attorney's fee of $6,450.00. If anything, a fee of $6,450.00 is generous under the circumstances, including the fact that the total amount of damages is $1,001.00. Anything more than that would be grossly disproportionate to the result achieved. When the costs of $470.00 are added, the total award of attorney's fees and costs is $6,920.00. Such an award is entirely consistent with the FDCPA's purpose to incentivize debtors to act as private attorneys' general in enforcing the statute.

## **CONCLUSION**

Plaintiff's application for attorney's fees and costs is GRANTED to the extent that the Court awards plaintiff a reasonable attorney's fee in the amount of $6,450.00, plus costs in the amount of $470.00, for a total award of $6,920.00.

By January 19, 2018, defendant is ordered to pay $6,920.00 to plaintiff.

The Clerk is instructed to terminate the motion. (Doc. #13).

Dated: December 19, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge